## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

**ISAAC MONTANO,**

             **Petitioner,**

       **vs.**                                    **Civ. No. 12-442  JAP/ACT**

**TIMOTHY HATCH, Warden, and**
**GARY K. KING, New Mexico**
**Attorney General,**

             **Respondents.**

### ORDER ADOPTING MAGISTRATE JUDGE'S
### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on the Magistrate Judge's Proposed Findings and

Recommended Disposition [Doc. 17] filed November 1, 2012.  On November 13, 2012,

Petitioner filed a Motion for Extension of Time to Respond to the Magistrate Judge's Findings

and Recommended Disposition [Doc. 18], requesting an extension of 30 days, which the Court

granted *nunc pro tunc* on May 6, 2013. [Doc. 25.] On November 26, 2012, Petitioner filed a

Motion to Expand the Record.[1]  On December 10, 2012, Respondents filed a Response in

Opposition to Petitioner's Motion to Expand the Record.  [Doc. 22.] On December 6, 2012,

Petitioner filed Objections to the Magistrate Judge's Proposed Findings and Recommended

Disposition ("Objections").  On December 10, 2012, Respondents' filed their Objection to

Petitioner's Objections ("Response").  [Doc. 23].  On December 20, 2012, Petitioner filed a

---

[1] Petitioner's Motion to Expand seeks to present evidence regarding medications the Petitioner was taking at the time of his sentencing hearing.  Petitioner claims that because he was medicated, he "strictly relied on counsel's performance."  This ultimately addresses Petitioner's claim of ineffective assistance of counsel. Therefore, Petitioner's Motion will be construed as an objection to the Magistrate Judge's Proposed Findings and Recommended Disposition and will be discussed in the context of Petitioner's Objections.

Response to Respondents' Response in Opposition to his Motion to Expand and Respondents'

Response ("Reply"). [Doc. 24.]

The Court has conducted a *de novo* review of the record and finds that the objections are

not well taken.  The Court will deny Petitioner's Motion to Expand the Record and adopt the

Magistrate Judge's Proposed Findings and Recommended Disposition.

**LAW REGARDING OBJECTIONS TO
PROPOSED FINDINGS AND RECOMMENDATIONS**

District courts may refer dispositive motions to a magistrate judge for a recommended

disposition.  *See* Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the

required proceedings when assigned, without the parties' consent, to hear a pretrial matter

dispositive of a claim or defense . . . .").  Rule 72(b)(2) governs objections: "Within 14 days after

being served with a copy of the recommended disposition, a party may serve and file specific

written objections to the proposed findings and recommendations."  Finally, when resolving

objections to a magistrate judge's proposal, "the district judge must determine *de novo* any part

of the magistrate judge's disposition that has been properly objected to.  The district judge may

accept, reject, or modify the recommended disposition; receive further evidence; or return the

matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  Similarly, 28 U.S.C.

§ 636 provides:

> A judge of the court shall make a *de novo* determination of those portions of the
> report or specified proposed findings or recommendations to which objection is
> made.  A judge of the court may accept, reject, or modify, in whole or in part, the
> findings or recommendations made by the magistrate judge.  The judge may also
> receive further evidence or recommit the matter to the magistrate judge with
> instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues - factual and legal - that are at the heart of the parties' dispute." *United States v. One Parcel of Real Property, With Building, Appurtenances, Improvements, and Contents*, 73 F.3d 1057, 1059 (10th Cir. 1996)("*One Parcel*")(quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).  As the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act, including judicial efficiency." *One Parcel*, 73 F.3d at 1059 (citing *Niehaus v. Kan. Bar Ass'n*, 793 F.2d 1159, 1165 (10th Cir. 1986); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *One Parcel*, 73 F.3d at 1060.  "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, have adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" *One Parcel*, 73 F.3d at 1059 (citations omitted).  In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).  *See United States v. Garfinkle*, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").  In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate [judge]." *Pevehouse v. Scibana*, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).

3

Where a party files timely and specific objections to the magistrate judge's proposed findings and recommendation, "on [] dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing." *United States v. Raddatz*, 447 U.S. 667, 674 (1980). "[I]n providing for a '*de novo* determination' rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *Raddatz*, 447 U.S. at 676 (quoting 28 U.S.C. § 636(b); citing *Mathews v. Weber*, 423 U.S. 261, 275 (1976)).  The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation," when conducting a *de novo* review of a party's timely, specific objections to the magistrate's report.  *In re Griego*, 64 F.3d 580, 583-84 (10th Cir. 1995).

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is currently confined at the Northeast New Mexico Detention Facility in Clayton, New Mexico. [Doc. 1.] Petitioner is proceeding *pro se* and is challenging the terms of a Judgment, Sentence, Commitment, and Order Partially Suspending Sentence [Doc. 2 at Ex. B] entered on September 1, 2010, by Ninth Judicial District Court Judge Teddy L. Hartley in *State of New Mexico v. Isaac Montano, a.k.a. Isaac Montano, Jr.*, No. D-0911-CR-200900089 (Roosevelt County).

### A.    Plea and Disposition Agreement

On May 4, 2010, Petitioner, represented by Attorney Michael T. Garrett, negotiated and signed a Plea and Disposition Agreement in which he pled guilty to (1) murder, a second degree felony resulting in the death of a human being, in violation of NMSA 1978, § 30-2-1(B) (Count 1); and (2) armed robbery, a second degree felony, in violation of NMSA 1978, § 30-16-2

4

(Count 2).[2] [Doc. 2 at 9-14.]  The terms of the Plea and Disposition Agreement state in pertinent

part:

> Agreement as to sentence: That the following disposition will be made of the
> charges:  Sentencing will be subject to open advocacy by the parties with the
> following limitations: (1) Both Counts will run consecutively one to the other;
> (2) Defendant will serve a minimum term of incarceration of fifteen years, but may
> receive up to a maximum of twenty-~~four~~ years; (3) Defendant understands that he
> has a range of sentences from a minimum of fifteen years incarceration to be
> followed by nine years suspended in favor [of] five on probation to a maximum of
> twenty-~~four~~ years incarceration.[3] . . .

[Doc. 2 at 9-10.]

> Petitioner affirmed in the Plea and Disposition Agreement as follows:

> I have read and understand the above.  I have discussed the case and my
> constitutional rights with my lawyer.  I understand that by pleading guilty I will be
> giving up my right to a trial by jury, to confront, cross-examine and compel the
> attendance of witnesses, and my privilege against self-incrimination. . . .

[Doc. 2 at 12.]

Petitioner signed the Plea and Disposition Agreement on May 4, 2010, at 3:00 p.m. [Id.]

Petitioner's attorney, Michael Garrett, also signed the Plea and Disposition Agreement on

May 4, 2010, at 3:00 p.m., and affirmed that he had "reviewed the plea and disposition with my

client.  I have discussed this case with my client and I have advised my client of my client's

constitutional rights and possible defenses." [Id. at 13.] Prosecutor Donna J. Mowrer signed the

Plea and Disposition Agreement on May 5, 2010. [Id.]

---

[2]  As part of his grand jury indictment, Petitioner had also been charged with Count 3, Tampering with
evidence, and Count 4, Possession of a firearm/destructive device by a felon.  Counts 3 and 4 were dismissed as part
of the Plea and Disposition Agreement.

[3]  The term "twenty-four years" was modified by an interlineation which struck out the "four" each time the
"twenty-four" appeared.  There are three sets of initials next to the strike-outs that include Petitioner, Attorney
Garrett, and Prosecutor Donna Mowrer. [Doc. 2, at 10.]

Finally, under the "District Court Approval" section of the Plea and Disposition Agreement, Judge Hartley initialed each of the following statements:

The defendant personally appearing before me and I have concluded as follows:

1.  That the defendant understands the charges set forth in the indictment.

2.  That the defendant understands the range of possible sentences for the offense charged from probation to a maximum of life imprisonment plus 13 ½ years plus any applicable Habitual Offender Enhancements and $40,000 in fines.

3.  That the defendant understands the following constitutional rights which the defendant gives up by pleading guilty:

    (a)   the right to trial by jury, if any;

    (b)   the right to the assistance of an attorney at trial, and to an appointed attorney, to be furnished free of charge, if the defendant cannot afford one;

    (c)   the right to confront the witnesses against the defendant and to cross-examine them as to the truthfulness of their testimony;

    (d)   the right to present evidence on the defendant's own behalf, and to have the state compel witnesses of the defendant's choosing to appear[] and testify;

    (e)   the right to remain silent and to be presumed innocent until proven guilty beyond a reasonable doubt;

4.  That the defendant wishes to give up the constitutional rights of which the defendant has been advised.

5.  That there exists a basis in fact for believing the defendant committed the offenses charged and that an independent record for such factual basis has been made.

6.  That the defendant and the prosecutor have entered into a plea agreement and that the defendant understands and consents to its terms.

7.  That the plea is voluntary and not the result of force, threats or promises other than a plea agreement.

. . .

[Doc. 12-3 at 22-23.]

###   B.   Judgment, Sentence, Commitment and Order Partially Suspending Sentence

On September 1, 2010, State District Court Judge Hartley entered a Judgment, Sentence, Commitment and Order Partially Suspending Sentence ordering Petitioner to be incarcerated for fifteen (15) years on Count I and for nine (9) years on Count II for a total incarceration time of 24 years. [Doc. 2 at 16-18.]  However, "[e]xecution of the final four (4) years of [his] sentence [was] suspended" and, instead, Petitioner was ordered placed on a four-year term of supervised release. [Id.]  The total term of incarceration was 20 years.

###   C.   Motion to Amend Judgment and Sentence

On January 13, 2011, Petitioner, through Attorney Garrett, filed a Motion to Amend Judgment and Sentence, arguing that "[t]he Judgment d[id] not reflect the plea agreement that was agreed upon by the State and Defendant." [Doc. 2 at 19-21.] Petitioner stated that he understood that the length of his probation could not exceed the length of the maximum imprisonment which was 20 years, including 5 years of which were to be served on probation, resulting in only fifteen years imprisonment.  [Doc. 1 at p. 8.] The State argued, *inter alia*, that the "[Petitioner] understood his range of sentences and this range included time suspended in favor of probation, but that the maximum incarceration time would not exceed twenty years." [Doc. 12, Exh. D.]

On April 25, 2011, Judge Hartley held a hearing on Petitioner's Motion to Amend Judgment and Sentence.  Petitioner was represented by Attorney Michael Garrett; the State was represented by Deputy District Attorney Donna J. Mowrer; and Petitioner appeared by phone. [Doc. 2 at 24.]

7

On May 3, 2011, Judge Hartley entered a Decision Letter in which he denied Petitioner's Motion on the ground that the challenge raised "a distinction without a difference," because rather than modify the agreed-upon term of incarceration, the judgment merely explained the structuring of the sentence. [Doc. 2 at 22-23.] Judge Hartley stated as follows:

(1)    The Defendant is to have 20 years of incarceration, as found in the Plea Agreement, which is the major point of the review.

(2)    The Judgment and Sentence comes to the same conclusion as the Plea Agreement, and does not modify the period of incarceration, but explains paragraph (3) of the Plea Agreement.[4]

The Court is of the opinion that there is no difference between the Plea Agreement and the Judgment and Sentence.

[Id.]

### D.    Petition for Writ of Habeas Corpus in State District Court

On June 22, 2011, Petitioner filed a Petition for Writ of Habeas Corpus in state district court arguing that (1) the sentence imposed was a violation of due process; (2) counsel was ineffective for (a) providing Petitioner with incorrect advice about the structuring of the sentence, (b) failing to object to a sentence allegedly exceeding the parameters of the Plea and Disposition Agreement, and (c) neglecting to file a timely motion to amend the sentence; and (3) breach of the Plea Agreement/Contract by imposing a sentence based on an ambiguous Plea Agreement.

[Doc. 12, Exh. F.]

---

[4]   (3) Defendant understands that he has a range of sentences from a minimum of fifteen years incarceration to be followed by nine years suspended in favor [of] five on probation to a maximum of twenty years incarceration. [Doc. 2 at 10.]

On January 20, 2012, State District Judge Hartley entered a Decision and Order of Summary Dismissal on Petitioner's Petition for Writ of Habeas Corpus. [Doc. 2 at 25-27.] Judge Hartley found that the sentence imposed by the Court was clearly permitted by the Plea and Disposition Agreement that had been signed by all the parties. [Id.] Judge Hartley also found Petitioner's lawyer to be both effective and competent. Judge Hartley stated as follows:

> Petitioner was facing a life sentence plus 13 and ½ years plus enhancements on the original charges. Due to the plea agreement, Petitioner was ultimately sentenced to 20 years incarceration and 4 years of probation on reduced charges. The allegations of ineffective assistance of counsel are not sufficiently supported by facts to justify a hearing.

Judge Hartley held that "Petitioner's allegation of ineffective assistance of counsel was not supported and that Petitioner could not show conduct that was not that of a reasonable, competent attorney." [Id.] Judge Hartley further held that no prejudice to the Petitioner occurred in this regard. [Id.] Finally, Judge Hartley rejected Petitioner Montano's breach of contract claim because the "plea agreement [] was valid and agreed to by all parties." [Id.]

### E.    Petition for Writ of Certiorari

On February 13, 2012, Petitioner Montano filed a Petition for Writ of Certiorari with the New Mexico Supreme Court. [Doc. 12, Exh. J.]

On March 16, 2012, the New Mexico Supreme Court denied Petitioner Montano's Petition for Writ of Certiorari. [Doc. 12, Exh. L.]

### F.    Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254

On April 26, 2012, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Doc. 1.]

Petitioner's Petition raises four grounds for relief as follows:

9

Ground One: *Ineffective Assistance of Counsel*.  Petitioner states that (1) counsel misrepresented the consequences of the plea agreement; (2) counsel failed to object during the colloquy when the sentence did not reflect the conditions to the plea agreement;[5] and (3) counsel failed to timely file a motion after his conviction in an attempt to reconcile his sentence with the plea agreement. [Doc. 1 at 5.]

Ground Two: *Prosecutorial Misconduct (Formerly raised in Violation of Due Process and Breach of Plea Agreement/Contract)*. [Doc. 1 at 6.]  Petitioner states that, "the State agreed to a 20 year cap yet proceeded to tell the court that a 20 year prison term with 4 years probation was an option, thereby exceeding the cap." [Id.]  Petitioner further asserts that he is "unaware if the State misrepresented the consequence of the plea to counsel, wasn't thoroughly explained by counsel, or both counsel and State were in collusion with each other to induce Petitioner to a plea." [Id. at 6-7.]

Ground Three: *Abuse of Discretion (Formerly raised in Violation of Due Process and Breach of Plea Agreement/Contract)*. [Doc. 1 at 8.]  Petitioner claims the court sentenced him to a total of 24 years contrary to the plea agreement. [Id.]  He states that he "understood that the length of defendant's probation could not exceed [the] 'length of maximum imprisonment', which in this case was 20 years including 5 years of which was to be served on probation, resulting in 15 years imprisonment." [Id.]

Ground Four: *Petitioner was Prejudiced by Counsel's Performance (raised in State Habeas and Writ of Certiorari)*. [Doc. 1 at 10.]  Petitioner states that he paid his attorney for a

---

[5] Petitioner states in his Memorandum in Support that he stated to the Court that he was heavily medicated and strictly relied on counsel's performance.  "When the Court sentenced Petitioner to 24 years, Petitioner confused, complained about the broken terms of agreement and Counsel assured Petitioner that he would take care of it." [Doc. 2 at 4.]

jury trial, but that because his counsel failed to engage in any type of pretrial practice, the only option he was left with was to enter a guilty plea. [Id.]

### G.      Magistrate Judge's Proposed Findings and Recommended Disposition

On November 1, 2012, the Court entered its Proposed Findings and Recommended Disposition, in which Magistrate Judge Alan C. Torgerson recommended that Petitioner's Petition be dismissed with prejudice. [Doc. 17.]

Magistrate Judge Torgerson first addressed whether Petitioner had exhausted his claims in state court, specifically with respect to Ground Four in which Petitioner raised a new claim of ineffective assistance of counsel; *i.e.*, that Petitioner had been prejudiced by ineffective assistance of counsel.  [Doc. 17 at 9, § 26.]  Having considered the arguments of Petitioner and the Respondents, along with the options available to the Court when presented with a petition which contains both exhausted and unexhausted claims, Magistrate Judge Torgerson recommended that Petitioner's claims in Ground Four be considered exhausted because the facts alleged in Ground Four had been raised in state court.  Magistrate Judge Torgerson further recommended that Petitioner's ineffective assistance of counsel claims in Ground Four be considered as part of his ineffective assistance of counsel claims in Ground One.

Magistrate Judge Torgerson recommended that Petitioner's claims of ineffective assistance of counsel in Ground One and Ground Four be dismissed with prejudice.  Applying the standard inquiry set out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), Magistrate Judge Torgerson found that Petitioner "had not demonstrated that his counsel's actions or decisions were 'objectively unreasonable in all the circumstances,' *Strickland*, 466 U.S. at 691, or 'that the outcome of the plea process would have been different with competent advice.'" *Lafler v. Cooper*, 132 S.Ct. 1396, 1387 (2012).

11

In support of his finding, Magistrate Judge Torgerson pointed to the record surrounding the Plea and Disposition Agreement entered into by Petitioner.  Judge Torgerson noted that the State District Court Judge Hartley had twice looked at the issue on the merits and that the New Mexico Supreme Court had upheld Judge Hartley's opinion.  Additionally, Magistrate Judge Torgerson pointed out that given the fact that Petitioner was facing a life sentence plus 13 ½ years of imprisonment, Petitioner's counsel's recommendation that Petitioner accept a plea agreement with a maximum incarceration of 20 years was completely reasonable.  Furthermore, even though Petitioner argued his counsel should have objected during the colloquy and failed to timely file a motion to reconcile his sentence with Petitioner's understanding of the plea agreement, a Motion to Amend Judgment and Sentence was filed and decided on the merits. Finally, Magistrate Judge Torgerson determined that Petitioner's bare assertion that his counsel failed to engage in any type of pretrial practice left him with no choice but to enter a guilty plea does not demonstrate that Petitioner was prejudiced as a result of the plea agreement.

Magistrate Judge Torgerson also recommended that Petitioner's claims in Grounds 2 and 3 be dismissed with prejudice.  In support of that recommendation, Magistrate Judge Torgerson concluded that these claims raised "issues of state law and federal habeas is not available." [Doc. 17 at 18, § 50.]

## OBJECTIONS

In Petitioner's Motion to Expand, Petitioner (1) seeks to admit evidence in support of his ineffective assistance of counsel claim regarding his "mental state during the legal process," asserting that he was heavily medicated and limited in his mental capacity which affected his understanding of the plea at the sentencing hearing; and (2) requests an evidentiary hearing so

that Attorney Garrett has an opportunity to testify as to how he explained the plea to Petitioner. [Doc. 19.]

In Petitioner's Objections, Petitioner reargues his claims for ineffective assistance of counsel, stating: (1) that his counsel provided him with "grossly inaccurate advice" regarding his guilty plea because he had been assured he would not receive a punishment greater than twenty years, fifteen of which he would be in prison and five of which he would be on probation; (2) that during the sentencing hearing, Attorney Garrett failed to object during colloquy, and because Petitioner was heavily medicated, Petitioner was unaware that a change in his plea as explained to him had occurred and he was strictly reliant on counsel's performance during the plea acceptance process; and (3) that Petitioner was prejudiced because but for the plea being mischaracterized by his counsel, Petitioner would have gone to trial. [Doc. 20.]

Petitioner again requests an evidentiary hearing in order to hear testimony from Attorney Garrett.  Petitioner states that although State District Court Judge Hartley held a hearing on his Motion to Amend Judgment and Sentence, Attorney Garrett did not explain how he presented the plea to Petitioner and instead "made some argument concerning probation exceeding the cap." [Doc. 20 at 6.]

Lastly, Petitioner objects to paragraph 6 of the Proposed Findings and Recommended Disposition, stating that the Court incorrectly concluded that the State explained the plea agreement to Petitioner. [Doc. 20 at 4.]

Respondents object to Petitioner's Motion to Expand the Record by arguing that this Court's review of the record is limited to the record that was before the state court that adjudicated the claim on the merits. [Doc. 22 at 5.]   To the extent Petitioner could have raised this issue, he is not now able to present his proffered evidence absent a demonstration that he

was not at fault for failing to develop it in state court or, if he was at fault, that the limitations set forth in 28 U.S.C. § 2254(e)(2) are satisfied. [Id.]  Respondents ask this Court to deny Petitioner's Motion to Expand the Record.

Respondents also object to Petitioner's Objections for the same reasons set forth in their Response to Petitioner's Motion to Expand the Record.  Respondents ask that this Court limit its review of Petitioner's habeas petition to the record that was before the state court that already adjudicated his claims. [Doc. 23 at 2.]

In Petitioner's Reply, Petitioner addresses his ineffective assistance of counsel claim, stating (1) that the additional records are necessary to argue the State's contention that Petitioner "knew" and "understood" the terms of the plea; and (2) that "[d]uring colloquy, Montano stated concern over his mental impairment, thereby the state court strayed beyond permissible bounds given Montano was incompetent to stand trial when he was on these medications." [Doc. 24.] Petitioner also requests that this Court "consider the strength of the state's case and had counsel not misrepresented the consequences of the plea, Montano's insistence to go to trial would not have been unreasonable; given the actual elements and facts of the case." [Id.]

## ANALYSIS

### A.   Ineffective Assistance of Counsel

#### 1.   Motion to Expand the Record

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a limited scope of review by federal courts of state court decisions on the merits. A federal court can grant habeas relief only if the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the

facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1), (2).

Under the "contrary to" clause, we grant relief "only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the [Supreme] Court has on a set of materially indistinguishable facts." *Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir.2004) (brackets and quotation marks omitted). Relief is provided under the "unreasonable application" clause only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. Id. (quotation marks omitted). "Thus we may not issue a habeas writ simply because we conclude in our independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*.; *see also Maynard v. Boone*, 468 F.3d 665, 670 (10th Cir.2006) ("[W]e may not grant habeas relief merely because we disagree with the state court's application of [constitutional] principles.") (quoting *Anderson v. Mullin*, 327 F.3d 1148, 1153 (10th Cir.2003)).

In *Cullin v. Pinholster*, ___ U.S. ___, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011), the Supreme Court held that a federal court's review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.  The Court explained:

> [R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law.  This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time—i.e., the record before the state court.

* * *

15

It would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court.

*Id*. at 1398, 1399; *and see Kirby v. Attorney Gen. of New Mexico*, 2011 U.S. App. Lexis 19575, at *27 (10th Cir. Sept. 19, 2011)(expanding the record or holding an evidentiary hearing to place additional evidence before the federal district court that was not part of the record before the state court is no longer permitted under *Cullen*.).

28 U.S.C. § 2254(e)(2) provides:

(2)     If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that:

(A)     the claim relies on

(i)     a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii)     a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B)     the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Here, Petitioner seeks to admit evidence in support of his ineffective assistance of counsel claim to establish that he was "heavily medicated and limited in his mental capacity" at the sentencing hearing which affected his understanding of the plea and caused him to "strictly [rely] on counsel's performance."  The problem for Petitioner, however, is that the documents he now seeks to admit into evidence to support his mental status as it relates to his ineffective assistance of counsel claim were not part of the state-court record for Petitioner's state habeas

review.  As stated above, the Supreme Court has held that AEDPA precludes this Court from considering them now.

Notwithstanding this Court's limitation, even if this Court were to consider Petitioner's evidence, Petitioner has failed to demonstrate how his being "heavily medicated" at the time of his sentencing supports his claim of ineffective assistance of counsel.  Petitioner initialed, approved, signed and dated the Plea and Disposition Agreement two months *prior* to the sentencing hearing, long before he claims medications could have impacted his understanding. To the extent Petitioner misunderstood the terms of the Plea and Disposition Agreement approved by the state district court at the sentencing hearing due to being heavily medicated or otherwise, Petitioner's counsel filed a Motion to Amend Judgment and Sentence which was denied on the merits.  The Court also notes that if Petitioner's taking medications at the time of the sentencing hearing had in fact diminished Petitioner's understanding to the degree Petitioner now claims, Petitioner logically would have raised that issue when he filed his Motion to Amend Judgment and Sentence, yet he did not.  The alleged fact of Petitioner's being heavily medicated at the sentencing hearing was not raised in the Motion to Amend  Judgment and Sentence; it was not mentioned in the Order on Motion Hearing entered by Judge Hartley, a hearing that Petitioner attended by phone; and it was not discussed in Judge Hartley's Letter Decision denying Petitioner's Motion. [See Doc. 2 at 20-24.]  The only issue raised in the Motion to Amend Judgment and Sentence was that the "Judgment does not reflect the plea agreement that was agreed upon by the State and Defendant" and "[t]he agreement was a maximum of twenty (20) years." [Doc. 2 at 20-21.]

To prevail on a claim for ineffective assistance of counsel, Petitioner must show that (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed

the defendant by the Sixth Amendment," and (2) that he was so prejudiced because of counsel's errors that the outcome of the state court's proceedings was rendered unreliable." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).   A petitioner demonstrates deficient performance by showing counsel's representation "fell below an objective standard of reasonableness." *Id*. at 688, 104 S.Ct. 2052. To establish prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052.

Here, Petitioner has failed to demonstrate that Attorney Garrett's representation fell below an objective standard of reasonableness.  Furthermore, the alleged fact of Petitioner's being heavily medicated at the time of sentencing does not demonstrate that Petitioner was prejudiced by Attorney Garrett's failure to either object to his sentence at the time it was imposed or to timely file a motion to amend his sentence because Judge Hartley addressed and decided the Motion to Amend Judgment and Sentence on the merits, notwithstanding the late filing.

### 2.      Petitioner's Objections

In Petitioner's Objections, Petitioner states (1) that his counsel provided him with "grossly inaccurate advice" regarding his guilty plea because he had been assured he would not receive a punishment greater than twenty years, fifteen of which he would be in prison and five of which he would be on probation; (2) that during the sentencing hearing, Attorney Garrett failed to object during colloquy, and  because Petitioner was heavily medicated, Petitioner was unaware that a change in his plea as explained to him had occurred and he was strictly reliant on counsel's performance during the plea acceptance process; and (3) that Petitioner was prejudiced

because but for the plea being mischaracterized by his counsel, Petitioner would have gone to trial.

Petitioner's first objection reiterates the argument he raised in his Petition; *i.e.*, that his lawyer misrepresented the consequences of his plea agreement.  In his Objections, Petitioner points to two cases to support his argument that Attorney Garrett provided "grossly inaccurate advice."  However, Petitioner's reliance on these cases is misplaced because the facts do not support Petitioner's argument.  In *U.S. v. Gordon*,  petitioner's counsel had advised petitioner that he faced a maximum of 120 months of incarceration were his case to go to trial, but that if he were to plead guilty to one count in the indictment, his plea offer would reduce his exposure down to 84 months.  156 F.3d 376, 377 (2nd Cir. 1998).  Proclaiming his innocence, the petitioner opted for trial and was subsequently found guilty on all twelve counts of his indictment.  *Id*.  Pursuant to the sentencing guidelines, the petitioner was facing a maximum of *327 months*, 17 years more than had been represented to him by his attorney.  *Id.*  The court found that petitioner's counsel had grossly underestimated petitioner's sentencing exposure.  *Id.* at 380.  In *Scarbrough v. Johnson*, petitioner alleged ineffective assistance of counsel, contending that his lawyer's advice regarding future parole eligibility on his life sentence for second degree murder was inaccurate making his guilty plea invalid.  300 F.3d 303 (3rd Cir. 2002).  The Third Circuit Court reversed the district court that granted petitioner's petition, finding that the state trial judge had repeatedly stressed there was no guarantee regarding petitioner's chances of parole and that petitioner's overarching concern in pleading guilty was saving his life given he was facing first-degree murder charges and a potential death sentence.  300 F.3d at 308.

Here, if Petitioner had gone to trial, Petitioner would have faced a maximum of life imprisonment, plus 13 ½ years, plus any applicable habitual offender enhancements and $40,000 in fines.  Instead, Petitioner initialed, approved, signed and dated the Plea and Disposition Agreement that allowed for a minimum term of incarceration of fifteen years to a maximum term of twenty years incarceration.  Petitioner was sentenced to twenty years of incarceration, the maximum term allowed by the Plea and Disposition Agreement.  Unlike the facts pointed to by Petitioner in *U.S. v. Gordon*, Petitioner's counsel did not grossly underestimate Petitioner's exposure for incarceration because Petitioner's sentence was for the maximum term fully disclosed in the Plea and Disposition Agreement which Petitioner signed.  And similar to the facts pointed to by Petitioner in *Scarbrough v. Johnson* where petitioner's petition was denied, Petitioner was fully advised and agreed to the terms outlined in the Plea and Disposition Agreement and in so doing avoided a  maximum of life imprisonment, plus 13 ½ years, plus any applicable habitual offender enchancements. Petitioner has failed to demonstrate that Attorney Garrett's representation fell below an objective standard of reasonableness.

Petitioner's second objection has already been discussed above and will not be addressed again here. [See <u>Analysis</u>, Section A.1, <u>supra</u>.]

Petitioner's third objection is that but for the plea being mischaracterized by his counsel, Petitioner would have gone to trial.  In the plea context, the *Strickland* prejudice test requires a defendant to show a reasonable possibility that the outcome of the plea process would have been different with competent advice.  *Lafler v. Cooper*, 132 S.Ct. 1376, 1380 (2012). It is also undisputed that a defendant has a constitutional right to participate in the making of certain decisions which are fundamental to his defense.  *Jones v. Barnes*, 462 U.S. 745, 751, 103 S.Ct. 3308, 3312 (1983).  The decision to plead guilty is one that must be made by the defendant, and

is not one in which an attorney may speak for his client without consultation. *Boykin v. Alabama*, 395 U.S. 238, 242-44, 89 S.Ct. 1709, 1711-13 (1969); *Brookhart v. Janis*, 384 U.S. 1, 7, 86 S.Ct. 1245, 1248 (1966). Here, as has been repeated throughout the Court's discussion, Petitioner initialed, approved, signed and dated the Plea and Disposition Agreement. Petitioner made the decision to plead guilty. Petitioner's counsel signed a statement that he had "reviewed the plea and disposition agreement with my client." Finally, Judge Hartley further affirmed Petitioner's decision when he initialed in the Plea and Disposition Agreement that Petitioner "entered into a plea agreement and that the defendant understands and consents to its terms" and that Petitioner's plea was voluntary "and not the result of force, threats or promises other than a plea agreement." Petitioner's after the fact declaration concerning his desire to go to trial, without more, is insufficient to establish that but for his counsel's alleged mischaracterization of the plea he would have rejected the plea and would have gone to trial.

Petitioner has not established prejudice with respect to his counsel's representation in the plea process, given the fact that Petitioner was facing a maximum of life imprisonment, plus 13 ½ years, plus any applicable habitual offender enchancements, and instead was sentenced to 20 years incarceration and 4 years of probation on reduced charges.

### 3. Petitioner's Reply

In Petitioner's Reply, Petitioner again addresses his ineffective assistance of counsel claim at the sentencing hearing. [Doc. 24]. However, Petitioner now appears to be raising an entirely new claim that he was mentally incompetent at the time of the sentencing hearing. Petitioner states in his Reply that "[d]uring colloquy, Montano stated concern over his mental impairment, thereby the state court strayed beyond permissible bounds given Montano was incompetent to stand trial when he was on these medications." [Doc. 24 at 3]. To the extent

Petitioner is, in fact, attempting to now raise the claim of mental incompetence, the Tenth Circuit

has stated that "[i]ssues raised for the first time in objections to the magistrate judge's

recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

*See United States v. Garfinkle*, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories

raised for the first time in objections to the magistrate judge's report are deemed waived.").  In

an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a

petitioner] had waived [an] argument by failing to raise it before the magistrate [judge]."

*Pevehouse v. Scibana*, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).

Because Petitioner's claim of mental incompetence is being raised for the first time in his

Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition,

Petitioner's claim of mental incompetence is deemed waived.

**B.**     **Evidentiary Hearing**

In Petitioner's Motion to Expand and in his Objections, Petitioner asks the Court for an

evidentiary hearing to elicit testimony from Attorney Garrett regarding how the terms of the Plea

and Disposition Agreement were explained to Petitioner.

An evidentiary hearing is necessary only under the following circumstances:

If the applicant has failed to develop the factual basis of a claim in State court
proceedings, the court shall not hold an evidentiary hearing on the claim unless the
applicant shows that—

(A)     the claim relies on—

(i)     a new rule of constitutional law, made retroactive to cases on
collateral review by the Supreme Court, that was previously
unavailable; or

(ii)    a factual predicate that could not have been previously discovered
through the exercise of due diligence; and

22

(B)     the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

Petitioner's misunderstanding regarding the terms of the Plea and Disposition Agreement, and any role his attorney played in that regard, were brought before Judge Hartley when Petitioner filed his Motion to Amend Judgment and Sentence.  To the extent Petitioner failed to develop the factual basis of his ineffective assistance of counsel claim in this regard, any and all facts were available and discoverable during the course of his state court proceedings.  Therefore, Petitioner has failed to establish any of the requisites for an evidentiary hearing under 28 U.S.C. § 2254(e)(2).

### C.     Objections to Procedural Background

Petitioner objects to paragraph 6 of the Proposed Findings and Recommended Disposition stating that the Court incorrectly concluded that the State had explained the conditions of the plea to Petitioner. [Doc. 20 at 4.] Petitioner argues that the initials on the Plea and Disposition Agreement noting the modification from twenty-four to twenty by striking out the "four" were those of Petitioner and his attorney, and not the prosecutor.  It is unclear how the Court's description of the modification by interlineation led Petitioner to believe that the Court had concluded the State had explained the conditions of the plea to Petitioner.  That aside, what is clear is that the modification reducing the maximum number of years Petitioner could be incarcerated from twenty-four to twenty was initialed and agreed to by all the parties.

23

## CONCLUSION

**IT IS ORDERED** that:

1.      The Petitioner's Motion to Expand the Record [Doc. 19] is **DENIED**;

**2.**      Petitioner's Objections [Doc. 20] to the Magistrate Judge's Proposed Findings and Recommended Disposition are **OVERRULED**;

**3.**      The Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 17] are **ADOPTED** by the Court; and

**4.**      This case will be **DISMISSED WITH PREJUDICE** and that a final judgment will be entered concurrently with this order.


_____
**JAMES A PARKER**
**United States District Judge**